UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN JEREMY HARMON                                                              PLAINTIFF

vs.                                                        CIVIL ACTION NO. 3:19-CV-823-CRS

TROOPER JACOB HARPER in his individual capacity                  DEFENDANT

### MEMORANDUM OPINION

**I.       Introduction**

This matter is before the Court on Defendant Jacob Harper's ("Harper") motion to dismiss. DN 7. Plaintiff John Harmon ("Harmon") responded, and Harper replied. DN 8; DN 11. The matter is ripe for adjudication. For the following reasons, the Court will grant the motion to dismiss.

**II.      Factual Background and Procedural History**

This case arises from the arrest of Plaintiff John Harmon by Defendant Kentucky State Police Trooper Jacob Harper. On December 22, 2018, Harmon was traveling in his vehicle on Highway 49 near Bradfordville, Kentucky. DN 1 at ¶ 10. Harper, traveling in a law enforcement vehicle, signaled Harper to stop his vehicle. *Id.* at ¶ 11. Harmon turned his car into the driveway at his home and stopped the car. *Id.* at ¶ 12. Once Harmon's car was in the driveway, Harper ordered Harmon to raise his hands. *Id.* at ¶ 13–14. Harmon alleges that Harper approached the vehicle, grabbed Harmon, then deployed his taser. *Id.* at ¶ 18–20. This caused Harmon to fall on the ground. *Id*. According to Harmon, Harper deployed his taser again after Harmon was on the ground and "incapacitated." *Id.* at ¶ 20. Harper then placed Harmon under arrest. *Id.* at ¶ 22. Harper initially charged Harmon with menacing and later added charges of reckless driving, failure to signal, resisting arrest, and driving under the influence. *Id.* at ¶ 21–24.

Harmon's criminal case proceeded in the Marion County District Court. *Id.* at ¶ 28. Harmon moved to suppress evidence stemming from his arrest. DN 7-2 at 1. The state court found that Harper had reasonable suspicion to stop Harmon because he "was able to deduct that [Harmon], who was swerving over the yellow center line before making a turn without using a turn signal coupled with his blatant disregard for following rudimentary commands, was in violation of the law." *Id.* at 2. The court then determined that Harper's reasonable suspicion escalated to probable cause because "Trooper Harper's deductions from the cumulative information available warranted his reaction that he was being placed in the reasonable apprehension of imminent physical injury." *Id.* at 3. The court concluded that Harper had probable cause to arrest Harmon and ultimately denied Harmon's motion to suppress. *Id.*

On October 25, 2019, the state court dismissed all charges against Harmon. DN 7-1. According to Harmon, the decision to dismiss the charges was due in part to the Commonwealth's failure to disclose certain evidence to his defense counsel prior to trial. DN 1 at ¶ 31. It is unclear from Harmon's complaint what that evidence was. Based on the parties' briefing, the evidence appears to be an eyewitness account of the arrest and testimony from Harper regarding "prejudicial evidence related to car leaving bar (sic)." DN 7-1 at 2; DN 7 at 4; DN 8 at 8.

Harmon filed the instant suit on November 12, 2019. DN 1. Harmon initially brought five claims against Harper in his individual and official capacity. *Id.* at ¶ 34–46. These claims included: (1) false arrest and excessive force claim under § 1983, (2) malicious prosecution, (3) negligence and gross negligence, (4) tort of outrage, and (5) assault and battery. *Id*. On January 13, 2020, this Court issued an agreed order that dismissed all of Harmon's claims against Harper in his official capacity and his claims for malicious prosecution, assault and battery, and tort of outrage against

Harper in his individual capacity. DN 6. Harmon's remaining claims include two claims under § 1983 for false arrest and excessive force, and state law claims for negligence and gross negligence.

### III. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

The Court may "only consider matters properly part of the complaint or pleadings." *Armengau v. Cline*, 7 Fed. App'x. 336, 343 (6th Cir. 2001). But, the Sixth Circuit has held that if a document is "referred to in a complaint and central to the claim, documents attached to a motion to dismiss" may be considered without the motion being treated as a motion for summary judgment. *Id.* Further, the Court may also consider "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies" for a motion to dismiss. *Williams v. Porter Bancorp, Inc.,* 41 F. Supp. 3d 676, 680 (W.D. Ky. 2014).

Harper has attached two exhibits to his motion to dismiss. DN 7-2; DN 7-3. Each is a public record from Harmon's criminal case in the Marion County District Court and central to the claims of this case. Therefore, the Court may properly consider the documents and will not convert the motion to dismiss to a motion for summary judgment.

**IV.     Discussion**

Harper moves to dismiss the following claims: (1) false arrest, (2) negligence and gross negligence, and (3) excessive force under the Eighth Amendment. The Court will address each.

    **A.     False Arrest**

Lack of probable cause is a necessary element of a false arrest claim under § 1983. *Buttino v. City of Hamtramck*, 87 Fed. App'x. 499, 502 (6th Cir. 2004). Harper argues that Harmon is estopped from re-litigating the probable cause element and his false arrest claim fails as a matter of law. DN 7 at 4. Harmon responds twofold: (1) the issue of probable cause is not precluded from this civil action because his criminal case was ultimately dismissed, and (2) the Commonwealth withheld evidence during the criminal case, which prevented the state court from evaluating the full "facts and circumstances surrounding the arrest.". DN 8 at 10.

"A state-court judgment is given the same preclusive effect that it would have under the law of the state in which the judgment was rendered." *Buttino*, 87 Fed. App'x. at 502. "This court 'must apply the state law of collateral estoppel when deciding whether the state court's determination of probable cause at the preliminary hearing has preclusive effect in this § 1983 action.'" *Walden v. Bullitt Cty., Ky.*, No. 3:09-CV-306-S, 2011 WL 4587480 at *2 (W.D. Ky. Sept. 30, 2011) (citing *Darrah v. City of Oak Park,* 255 F.3d 301, 311 (6th Cir. 2001)). Under Kentucky law, collateral estoppel requires four elements: (1) the issue in the second case must be the same as the issue in the first case; (2) the issue must have been actually litigated; (3) actually decided;

4

and (4) necessary to the court's judgment. *Id.* (citing *Coomer v. CSX Transp., Inc.,* 319 S.W.3d 366, 374 (Ky. 2010)). Further, the Sixth Circuit has held that "where a state affords an opportunity to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose re-litigation of that finding in a subsequent § 1983 action." *Buttino*, 87 Fed. App'x. at 503.

Harmon filed a motion to suppress evidence with the state court. *See* DN 7-2. In its order, the state court found that Harper had probable cause to arrest Harmon and denied Harmon's motion. Specifically, the court stated

> Trooper Harper's deductions from the cumulative information available warranted his reaction that the was being placed in the reasonable apprehension of imminent physical injury. Therefore, Trooper Harper's reasonable suspicion escalated to the requisite level of probable cause thereby constitutionally permitting him to place [Harmon] under arrest.

DN 7-2 at 3. Based on this order, Harmon is foreclosed from relitigating the issue or probable cause. The finding of probable cause was necessary to the state court's determination of whether to suppress evidence and the court affirmatively determined that Harper had probable cause to arrest Harmon. Accordingly, Harmon cannot get a second bite at the apple in this case.

Further, Harmon's assertion that the withheld evidence invalidates the state court's finding of probable cause is without merit. Harmon has provided no binding or persuasive authority for the proposition that a plaintiff may re-litigate the issue of probable cause in a subsequent civil case when his or her underlying criminal case was dismissed. And, Harmon does not contend that the withheld evidence would have changed the probable cause determination or that the state court relied on false information in determining whether Harper had probable cause to arrest Harmon.[1]

---

[1] "It is true that the state court's determination of probable cause will have 'no preclusive effect' if evidence is presented supporting a claim that 'is based on a police officer's supplying false information to establish probable cause.'" *Walden,* 2011 WL 4587480 at *3 (citing *Peet v. City of Detroit,* 502 F.3d 557, 566 (6th Cir. 2007)). But,

Rather, Harmon insists in general and conclusory fashion that evidence was withheld and, therefore, he should be entitled to full discovery to re-litigate probable cause in this case. Without the precedential authority to do so, the Court declines to disturb the state court's finding.

Harmon's § 1983 claim for false arrest under the Fourth Amendment fails because, as the state court determined, Harper had probable cause to arrest Harmon. Therefore, the Court will dismiss the false arrest claim.

### B. Negligence and Gross Negligence

Harper argues that Harmon's negligence and gross negligence claims must be dismissed because each relies on the same factual allegations as his false arrest claim. DN 7 at 8. Harper relies on *Estep v. Combs*, 366 F. Supp. 3d 863, 886 (E.D. Ky. 2018) in which the court held the following:

> A [ ] plaintiff cannot proceed with a claim for negligence where the claim is really a malicious prosecution claim. *Tunne v. Paducah Police Dep't*, No. 5:08CV-188-R, 2010 WL 323547, *11 n.4 (W.D. Ky. Jan. 21, 2010) (citing *Hill v. Willmott*, 561 S.W.2d 331, 334 (Ky. Ct. App. 1978)). The same reasoning applies to a negligence claim based on false arrest. See *Lewis v. Laurel Cnty. Sheriff's Dep't*, No. 09-280-GFVT, 2011 WL 3475370, *6 (E.D. Ky. Aug. 8, 2011). Otherwise a plaintiff would "avoid the higher standards" associated with those claims. *Tunne*, 2010 WL 323547, at *11 n.4. Likewise, a plaintiff's gross negligence claim cannot succeed if it is truly a false arrest or malicious prosecution claim. See *Lewis*, 2011 WL 3475370, at *6.

*Id.* Harmon responds that his negligence claims are based on a separate and distinct legal standard and, therefore, his claims are not based on "a full congruence of facts or events which give rise to those two disparate claims." DN 8 at 14. Specifically, Harmon argues his false arrest claim is based on the determination of whether Harper had probable cause to arrest him while his negligence

---

this line of cases is inapplicable here. Harmon has not alleged that state court relied on false testimony in determining whether Harper had probable cause to arrest Harmon.

claims are based on whether Harper "breached his duty of care made applicable to him in his capacity as a law enforcement official." *Id.*

Under Kentucky law, a negligence claim requires three elements: (1) proof that the defendant owed a duty to the plaintiff, (2) a breach of that duty by the defendant, and (3) "consequent injury." *McNally v. Tabor*, No. 6:18-CV-REW, 2019 WL 6044882 at *5 (E.D. Ky. Nov. 15, 2019) (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003)). As for gross negligence, Kentucky law requires "a failure to exercise reasonable care, 'accompanied by wanton or reckless disregard for the lives, safety, or property or of others.'" *Id.* (citing *Gibson v. Fuel Transp., Inc.,* 410 S.W.3d 56, 59 (Ky. 2013)). Harmon alleges that Harper had "various duties of care" and was "negligent and/or grossly negligent or reckless in facility to follow or adhere to fixed and certain ministerial rules and obligations governing his law enforcement duties and obligations." DN 1 at ¶ 42.

Harmon's negligence and gross negligence claims fail as a matter of law. "There is no such thing as a negligent battery." *Ali v. City of Louisville*, No. 3:05-CV-427, 2006 WL 2663018 at *8 (W.D. Ky. Sept. 15, 2006) (citing Rest. (Second) Torts § 13). "[An] officer is liable for the intentional tort of battery, *not for negligence*, when he deliberately exceeds the privileged amount of force by committing an unwarranted violence on the arrestee." *Id.* (emphasis added). "To permit a separate claim for negligence creates the risk that a jury would assume that, even if no excessive force was used, the officer might somehow still be liable for some undefined negligence." *Id*. Federal courts in Kentucky have applied this reasoning when a plaintiff attempts to support a negligence claim with the same factual allegations as a false arrest or malicious prosecution claim under § 1983. A plaintiff cannot support a claim for negligence or gross negligence with the same factual allegations as a false arrest or malicious prosecution claim because it would allow the

plaintiff to circumvent the "higher standards" associated with those intentional torts. *McNally,* 2019 WL 6044882 at *5 (holding that a claim of negligence against an officer in his individual capacity based on the same factual allegations as a false arrest claim fails as a matter of law); *Estep,* 366 F. Supp. 3d at 866; *Jones v. Clark City,* No. 5:15-337-DCR, 2016 WL 4146119 at *9 (E.D. Ky. Aug. 3, 2016) (reversed and remanded on other grounds by *Jones v. Clark Cty., KY,* 690 Fed. Appx. 334 (6th Cir. 2017)); *Lewis v. Laurel Cty. Sherriff's Dep't*, No. 09-280-GFT, 2011 WL 3475370 at *6 (E.D. Ky. Aug. 8, 2011). In short, without a viable independent theory of liability, a negligence claim based on the same factual allegations as a false arrest claim would allow the plaintiff to assert that the officer *negligently* falsely arrested him or her; like "negligent battery," this is not a cognizable nor recognized intentional tort claim.

Harmon fails to allege an independent basis for his negligence claim that is distinct from his false arrest claim. While Harmon is correct that negligence and false arrest rely on different legal standards, that distinction is irrelevant. At bottom, "no amount of vague pleading" can transform a false arrest claim into a cause of action properly sounding in negligence. *McNally,* 2019 WL 6044882 at *5. Accordingly, the Court will dismiss Harmon's negligence and gross negligence claims.

    **C.**    **Excessive Force Claim**

There appears to be confusion between the parties as to how Harmon has pleaded his excessive force claim under § 1983. Harmon contends that he has alleged a § 1983 claim for excessive force under the Fourth Amendment (DN 8 at 2 fn. 1), while Harper seeks to dismiss Harmon's § 1983 claim for excessive force claim under the Eighth Amendment (DN 7 at 10–11). As Harmon concedes, as a pre-trial detainee, Harmon cannot maintain an excessive force claim under the Eighth Amendment. DN 8 at 2 fn. 1; *Phelps v. Coy*, 286 F.3d 295, 300 (6th Cir. 2002).

Harper also concedes that he has not moved to dismiss Harmon's excessive force claim under the Fourth Amendment and "will subsequently address such a claim in this litigation." DN 11 at 3. Accordingly, the Court will dismiss Harmon's § 1983 excessive force claim brought under the Eighth Amendment. Harmon's § 1983 excessive force claim brought under the Fourth Amendment is now his only remaining claim against Harper.

## V.     Conclusion

For the reasons stated herein, the Court will grant Defendant Jacob Harper's motion to dismiss. DN 7. A separate order will be entered in accordance with this opinion.

June 3, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

9