FILED
JAMES J. VILT, JR. - CLERK
JUL 19 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN JEREMY HARMON     PLAINTIFF

v.     CIVIL ACTION NO. 3:19-CV-823-CRS

JACOB HARPER     DEFENDANT

## JURY INSTRUCTIONS

**Ladies and Gentlemen:**

    Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

    It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

    You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

    You are not to be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

    It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. You may use notes taken during trial to assist your memory. Notes, however, should not be substituted for your memory, and you should not be overly influenced by the notes.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, whether that witness said something different at an earlier time, and his or her interest in the outcome of the case, if any.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

Title 42, United States Code, Section 1983 makes it unlawful for any person acting under color of state law to deprive another person of the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Specifically, in this case, plaintiff, John Jeremy Harmon, claims that the defendant, Jacob Harper, deprived him of his constitutional rights when he used excessive force against him in effectuating a seizure of his person. The "seizure" of a person occurs when an officer has, by means of physical force or show of authority in some way restrained the person's liberty.

A law enforcement officer has the right to use such force as is reasonably necessary under the circumstances to effectuate a lawful seizure, whether it is in the course of an investigatory stop, a search, or an arrest. However, every person has a constitutional right not to be subjected to unreasonable or excessive force at the hands of law enforcement, even if the seizure is otherwise made in accordance with the law.

In order to establish his claim under 42 U.S.C. § 1983, Harmon must prove with respect to each of the following elements that it is more likely true than not true that:

<u>First</u>: The defendant, Jacob Harper, deprived Harmon of his constitutional rights by intentionally using unreasonable force against him during the course of seizing him;

<u>Second</u>: Harper was acting under color of state law when engaged in the use of unreasonable force; and

<u>Third</u>: The use of unreasonable force was the proximate cause of the damages sustained by Harmon.

In this case, the parties have agreed that Harper, a Kentucky State Trooper, was "acting under color of state law" at the time of the incident in question, and you must therefore accept that fact as proven.

In considering Harmon's claim, you must determine whether the amount of force used by Harper was that which a reasonable and prudent officer would have used in effecting a seizure under similar circumstances. In making this determination you should consider the amount of force used, the need for the application of force, and the relationship between that need and the amount of force used. You should consider all the facts and circumstances known to Harper at the time, including the severity of the crime at issue, whether Harmon posed an immediate threat to the safety of Harper, and whether Harmon actively resisted seizure.

The reasonableness inquiry is an objective one and must be judged from the perspective of a reasonable officer on the scene rather than with the benefit of hindsight. The question is whether Harper's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

Damages are "proximately caused," as used in these instructions, by conduct which you believe from the evidence played a substantial part in bringing about or actually causing the damages claimed, and that the damages were either a direct result of or a reasonably probable consequence of the conduct.

If you find that Harmon has proven all of the above-stated elements to be more likely true than not true, you must return a verdict in his favor on Verdict Form A and continue to the next instruction. If you find that any one of the above-stated elements has not been proved to be more likely true than not true, you must return a verdict for Harper on Verdict Form A, end your deliberations, and return to the courtroom.

Record your verdict on Verdict Form A, sign and date the form.

If you have found for the plaintiff, John Jeremy Harmon, you will determine what sum or sums of money you believe will fairly and reasonably compensate him for any injury or injuries you believe from the evidence he sustained as a result of the wrongful conduct of Jacob Harper.

Any award you give must be fair compensation in light of the evidence presented at trial—no more and no less. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Harmon for damages that he has suffered. You should not award compensatory damages for speculative injuries, but only for those injuries that Harmon actually suffered or is likely to suffer in the future.

In determining the amount of damages to award, you should be guided by logic and common sense, drawing reasonable inferences from the evidence. You may not award damages based on mere guesswork; however, the law does not require a plaintiff to prove damages with mathematical precision.

If you find Harmon was deprived of his constitutional rights but do not find that he sustained actual damages, you must return a verdict for Harmon in some nominal sum not to exceed one dollar ($1.00). Nominal damages are appropriate when the jury is unable to place a monetary value on the injury that the plaintiff has suffered. The mere fact that a person's constitutional rights have been violated entitles that person to an award of nominal damages. The award of a nominal sum would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions.

You will record your verdict on Verdict Form B, sign and date the form, then proceed to the next instruction.

If you have awarded the plaintiff a sum of money as compensatory or nominal damages, you will determine whether to award punitive damages.

The law permits you to award an injured person punitive damages in order to punish a wrongdoer and to serve as an example or warning to others not to engage in such conduct.

If you find from the evidence that the conduct of Harper which caused damage to Harmon was malicious or in reckless disregard of Harmon's rights, then you may make an additional award of damages in such amount as you unanimously agree to be proper as punitive damages.

An act is "malicious" if it is prompted or accompanied by ill will, spite, or grudge.

An act done in "reckless disregard" is an act that, under the circumstances, reflects a complete indifference to the safety and rights of the plaintiff.

You will record your verdict on Verdict Form C, sign and date the form. You will then end your deliberations and return to the courtroom.

- 7 -

       Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

       It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdict have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

## VERDICT FORM A

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>John Jeremy Harmon<br><br>v.<br><br>Jacob Harper | Docket No.<br><br><br>CIVIL ACTION NO. 3:19-CV-823-CRS |

<u>**WITH RESPECT TO THE ISSUE OF UNREASONABLE FORCE,**</u>

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE, FIND:

_____ For the Plaintiff, John Jeremy Harmon

_____ For the Defendant, Jacob Harper

| Foreperson's Signature | Date |
|---|---|
| | |

## VERDICT FORM B

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>John Jeremy Harmon<br><br>v.<br><br>Jacob Harper | Docket No.<br><br><br>CIVIL ACTION NO. 3:19-CV-823-CRS |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

Compensatory Damages as follows:

Physical and emotional pain and suffering he has endured and is reasonably likely to endure in the future not to exceed $350,000         $_____

Past medical expenses not to exceed $19,654.94         $_____

TOTAL:         $_____

**OR**

Nominal damages not to exceed $1.00         $_____

| Foreperson's Signature | Date |
|---|---|
| | |

# VERDICT FORM C

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>John Jeremy Harmon<br><br>v.<br><br>Jacob Harper | Docket No.<br><br><br>CIVIL ACTION NO. 3:19-CV-823-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE
FIND PUNITIVE DAMAGES AS FOLLOWS:

$_____

| Foreperson's Signature | Date |
|---|---|
|  |  |